[No. 4276. Decided September 13, 1902.]

Charles Murray, *Respondent,* v. H. Bush *et al., Appellants.*

TRIAL — WITHDRAWAL OF CASE FROM JURY — LEGAL EFFECT OF UN-
DISPUTED FACTS — DETERMINATION BY COURT.

Where no material fact is in dispute at the trial, but the controversy turns upon the legal effect of the facts shown in connection with a written agreement, the action of the court in discharging the jury at the conclusion of the evidence and entering judgment in accordance with his construction of the contract, was proper.

Appeal from Superior Court, Spokane County.—Hon. William E. Richardson, Judge. Affirmed.

*James Dawson* (*Morgan Strong,* of counsel), for appellants.

*Samuel R. Stern,* for respondent.

The opinion of the court was delivered by

Reavis, C. J.—Plaintiff held authority in writing to sell a mining claim in Douglas county, Oregon, from one Dozier, the owner thereof, which writing, in part, recited:

"This is to certify that I have given C. Murray full power to bargain and sell my mining property in Douglas county, Or., for the sum of $2,000, net. This option to run to July 1st, unless sale is made sooner, and in case he has prospects of selling I agree to give further time as may be agreed upon, mutually between us. Said Murray has the privilege to enter upon, either personally or by agents, the mine, and prospect both placer and quartz, and shall have free use of house and all tools, giant and sluice boxes to fully test the mine for *benefit of intending purchasers,* . . . so as to arrive at the true value of said mine, to the entire satisfaction of *any purchaser.*"

Thereafter plaintiff assigned the paper to defendants, in following form:

· "I hereby transfer this option to John J. Moynahan and H. Bush upon the following conditions: $100 to be paid to C. Murray April 8th, and $400 to be further paid to the said C. Murray on the 30th of April, and the balance, $500 to C. Murray and $2,000 for the property to R. A. Dozier, July 1, 1901."

The complaint alleged that, while plaintiff was in possession of the mining claim under the authority of said option, his rights thereunder, with the consent of Dozier, were assigned to defendants; that thereafter defendants refused to pay the sums agreed to be paid to plaintiff in said transfer, and demanded judgment for the $1,000 specified therein. A general denial was made to the allegations of the complaint. Some time afterwards, and at the trial, an amended answer was tendered by defendants. Leave to file the same was refused by the court.

The first error assigned was the refusal of the court to grant leave to file the amended answer. Upon consideration of the record, we are satisfied that the court did not abuse its discretion in refusing leave to file the amended answer. At the trial, and after the conclusion of the evidence, the court discharged the jury and entered judgment in favor of plaintiff. This is assigned as error, and the objection made that the evidence is insufficient to sustain the judgment. It appears from the statement of facts that no material fact was in dispute at the trial. The controversy was upon the legal effect of the facts shown. The court concluded that the plaintiff agreed to assign the paper called an "option," with his rights thereunder, and the defendants agreed to buy the same; and the court accepted such construction so mutually placed upon the transaction by the respective parties. The facts fully sustain

this conclusion. It was not necessary, under the pleadings and the evidence, to proceed further. There is no suggestion by the defendants of failure of the consideration for their purchase.

The judgment is affirmed.

DUNBAR, ANDERS, WHITE, FULLERTON, HADLEY and MOUNT, JJ., concur.