[No. 14638. Department Two. October 8, 1918.]

FRED L. STEVENS, *Respondent,* v. CLARENCE SELVIDGE *et al., Appellants.*[1]

TRIAL—PROVINCE OF COURT AND JURY—DIRECTING VERDICT—BILLS AND NOTES. In an action on notes, where it was shown that the plaintiff was a holder in due course, and defendants failed to introduce any evidence showing that plaintiff purchased after maturity or had notice of any defense, there was no question for the jury and the court properly directed verdict for the plaintiff.

Appeal from a judgment of the superior court for Spokane county, Sessions, J., entered November 21, 1916, in favor of the plaintiff, upon withdrawing the case from the consideration of the jury, in an action on promissory notes. Affirmed.

*C. T. McDonald,* for appellants.
*J. Milton Collins,* for respondent.

MOUNT, J.—This action was brought to recover upon two promissory notes of $100 each. The complaint is in the usual form. For answer to the complaint, the defendants admitted the execution of the notes, and for an affirmative defense, alleged, in substance, that the notes sued on were renewals of two notes which were originally given for the purchase of perfumery and jewelry; that the original notes were given, one for $150 and the other for $148, for perfumery and

[1]Reported in 175 Pac. 294.

jewelry which were to be sold by the defendants within a year, and, if not sold within that time, they were to be taken back by the holders in payment of the notes; that the perfumery and jewelry were not as represented, were not sold, and within the year were tendered back to the holders of the notes and by them refused; that thereafter another agreement was entered into by an agent of the original holders, wherein $98 worth of perfumery and jewelry was taken back and two new notes of $100 each were issued, payable upon the same terms as the original notes.

Upon the trial of the case, the plaintiff proved that he had purchased these two notes for value, one of them from the Iowa State Bank, and the other from C. W. Harrison. Thereupon the defendant Selvidge testified substantially as he has alleged in his affirmative defense: That, after the original notes were executed for $298, an agent representing the original holders of the notes demanded payment thereof, and upon that demand a settlement was made by which Mr. Selvidge had turned back $98 worth of goods and given two notes for $100 each, one to the Iowa State Bank, which had purchased one of the original notes, and the other to C. W. Harrison, who had purchased the other of the original notes; that, at that time, there was an agreement that, if the goods were not sold within a certain time, they might be taken back and the notes thereby paid. Upon this state of facts, the court concluded that the plaintiff was a holder in due course in good faith, and that there was no evidence that the plaintiff knew anything about the original transaction or the subsequent transaction, to which he was not a party, and concluded, therefore, that there was no question of fact to be submitted to the jury, discharged the jury and entered a judgment in favor of the plaintiff. The defendants have appealed.

They argue that the court erred in taking the case from the jury. We think it is plain from the evidence that the respondent is a holder in due course. 3 R. C. L., § 234, page 1037. It therefore devolved upon the appellants to show that there was an agreement to pay the notes sued upon in the manner alleged, and that the respondent purchased the notes after maturity or had notice of that agreement. No such evidence was introduced. There was plainly, therefore, no question of fact to be submitted to the jury. The court properly directed judgment in favor of the respondent. *Murray v. Bush,* 29 Wash. 662, 70 Pac. 133; *Easterly v. Mills,* 54 Wash. 356, 103 Pac. 475, 28 L. R. A. (N. S.) 952.

The judgment is therefore affirmed.

MAIN, C. J., CHADWICK, HOLCOMB, and MACKINTOSH, JJ., concur.